```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

PATRICIA LUDWICZAK,              :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :      CASE NO. 3:05CV239 (RNC)
                                 :
HITACHI CAPITAL AMERICA CORP.,   :
                                 :
    Defendant.                   :

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff commenced this lawsuit on February 7, 2005 pursuant to Title VII and the Equal Pay Act alleging that the defendant denied her promotions on the basis of her gender and compensated the plaintiff less than similarly situated males.  Pending before the court is plaintiff's Motion to Compel Defendant to Produce Certain Documents (doc. #43) in which the plaintiff seeks an order compelling defendant to produce e-mail correspondence between the plaintiff and her employer during a three-year period from April 1, 2001 to April 1, 2004.

Plaintiff argues that the documents sought are relevant "to plaintiff's claims that she performed duties similar to those performed by Robert DeGenova."  (Doc. #44 at 4.)  Defendant, in opposition, argues that Robert DeGenova was the plaintiff's manager.  According to the defendant, "Mr. DeGenova, unlike plaintiff, was *inter alia*, accountable for the overall performance of the syndications group, responsible for managing the syndications function, including the supervision of plaintiff, and

generated all of the syndication group's customer relationships." (Doc. #46 at 3.)  As such, defendant argues, what each of them did on a day-to-day basis is not relevant to the issues presented in this case.  DeGenova's pay was higher based on his status as the plaintiff's manager and the additional responsibilities that went along with that position.  (Id. at 3-4.)

Defendant also argues that the e-mails sought would be unduly burdensome to gather and produce.  Defendant submits the affidavit of Ryan Collison, a Senior Vice-President and Chief Information Officer of the defendant, who avers that it would take an estimated 34 man days to "identify the back-up tapes housing the e-mail traffic from the relevant time period, set up appropriate equipment, tape drives, and software, to restore [] that equipment, and then extract" the requested e-mails.  (Doc. #47 at ¶2.)

Based on the current record, the burden on the defendant to gather and produce the requested documents outweighs the potential relevance asserted by the plaintiff.  Accordingly, the plaintiff's Motion to Compel Defendant to Produce Certain Documents (doc. #43) is DENIED.

SO ORDERED at Hartford, Connecticut this 11th day of May, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge